IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CINDY T. ESSELL,<br>2934 Stefan Woods Drive<br>Twinsburg, OH 44087<br><br>    Plaintiff,<br><br>vs.<br><br>MITCHELL D. BLUHM &<br>ASSOCIATES, LLC.,<br>3400 Texoma Pkwy, Ste 100<br>Sherman, TX 75090<br><br>    And<br><br>CMRE FINANCIAL SERVIES, INC,<br>%its statutory agent,<br>Congency Global Inc.,<br>3958-D Brown Park Dr.<br>Hilliard, OH 43026,<br><br>    Defendants. | **COMPLAINT: UNLAWFUL<br>COLLECTION PRACTICES**<br><br>(<u>Jury Demand Endorsement Hereon</u>) |

## I. JURISDICTION

1. This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

## II. INTRODUCTION

2. This action challenges unfair and deceptive collection practices and seeks statutory remedies pursuant to the FDCPA, 15 U.S.C. § 1692k, *et. seq.* the Ohio Consumer Sales Practices Act ("CSPA"), O.R.C. §§ 1345.01 *et. seq.*

### III. **PARTIES**

3. Plaintiff Cindy T. Essell ("Plaintiff") is a person, who at all times relevant herein, resided in Summit County Ohio; and is a consumer as defined in O.R.C. § 1345.01(D).

4. Defendant Mitchell D. Bluhm & Associates, LLC ("Defendant Bluhm & Associates") is a third-party debt collection law firm based in Texas that specializes in the collections of debts.

5. Defendant CMRE Financial Services, Inc. ("Defendant CMRE") is a third-party debt collection agency based in California that specializes in collecting delinquent health care bills of individuals, who obtained health care services for personal purposes. Thus, Defendant is a supplier as defined in O.R.C. § 1345.01(C).

6. Defendant CMRE is incorporated in the State of Ohio, and its authorized statutory agent is Congency Global Inc., 3958-D Brown Park Dr., Hilliard, OH 43026.

### IV. **STATEMENT OF THE FACTS**

*Defendant CMRE's collection activities*

7. On September 13, 2018, Plaintiff received a collections notice in the mail from Defendant CMRE, which was an attempt to collect an alleged debt of $100.00 debt from Columbus Radiology Corporation. See Exhibit A, attached hereto.

8. Plaintiff, who was not familiar with this debt, contacted Defendant by phone to dispute. One of Defendant CMRE's employees advised Plaintiff that the $100.00 was for a chest x-ray at St. Vincent Charity Medical Center ("St. Vincent") performed on January 28, 2018.

9. Plaintiff advised the employee that she had never been a patient at St. Vincent. Defendant CMRE's employee requested that Plaintiff verify this in writing.

10. Defendant CMRE sent Plaintiff a copy of the $100.00 chest x-ray bill, Exhibit B, attached hereto.

11. On September 14, 2018, Plaintiff sent Defendant CMRE a letter advising that she had not incurred this debt, and that Defendant CMRE was in error. *See* Exhibit C, attached hereto.

12. Plaintiff never received a response from Defendant CMRE regarding her September 14, 2018 letter.

13. On November 23, 2020 and December 31, 2020, the undersigned counsel emailed Defendant CMRE to resolve this matter, and Defendant CMRE did not respond in any way. *See* Exhibit D, attached hereto.

***Defendant Bluhm & Associates' collection activities***

14. Also, Defendant Bluhm & Associates attempted to collect on the alleged debt from Plaintiff.

15. On August 17, 2020, Plaintiff received the letter from Defendant Bluhm & Associates alleging that she owed $666.60 debt for services rendered at St. Vincent Charity Medical Center on January 28, 2018. *See* Exhibit E, attached hereto.

16. Plaintiff called Defendant Bluhm & Associates and advised one of its employees that she did not incur this consumer debt.

17. Plaintiff explained her dealing with Defendant CMRE from 2018. The employee at Defendant Bluhm & Associates told Plaintiff to send them an email at correspond@law-mba.com advising that she did not incur this debt, that she should provide them with the 2018 documentation, and that she should file a police report for identity theft.

3

18. On September 3, 2020, Plaintiff filed a police report with the Summit County Sheriff Department. *See* Exhibit F, attached hereto.

19. On September 4, 2020, Plaintiff sent an email to correspond@law-mba.com stating that she did not incur this debt, and that she has never been a patient at St. Vincent, and that she filed the police report. She also provided the documentation from Defendant CMRE 2018 collections attempt.

20. Plaintiff did not receive any response to the September 4, 2020 email.

21. On September 25, 2020, Plaintiff requested St. Vincent to provide her with all medical records in her name. On September 29, 2020, St. Vincent responded on advising that they were unable to locate any records for a patient in my name. *See* Exhibit G, attached hereto.

22. On October 7, 2020, Plaintiff sent another email to Defendant Bluhm & Associates advising that she received no response to her September 4, 2020 email, and provided another copy of the police report, and St. Vincent's response.

23. Plaintiff received no response to her October 7, 2020 email.

24. In late October and early November, 2020, Plaintiff called Defendant Bluhm & Associates. Each time, Plaintiff was told by employees of Defendant Bluhm & Associates the matter was "in process" and someone would contact her soon. The employees were unwilling to discuss the matter with Plaintiff in any other manner.

25. After these phone calls, no one from Defendant Bluhm & Associates ever contacted Plaintiff.

26. As a result of Defendants' actions and inactions, Plaintiff suffered economic damages (including an attorney fee), and non-economic damages, including being upset, embarrassed, annoyed, and lost sleep.

## V. FIRST CLAIM FOR RELIEF (FDCPA)
(against Defendant Bluhm & Associates)

27. Plaintiff re-alleges and incorporates all of the above allegations.

28. Defendant Bluhm & Associates is a debt collector as defined by 15 U.S.C. § 1692a(6) because it "acquired the debt in default or treated the debt as if it were in default at the time of the acquisition." *See Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (6th Cir. 2012); *Sims v. CitiMortgage, Inc.* 2013 WL 310236 (N.D. Ohio 2013).

29. Plaintiff is a person as defined by 15 U.S.C. § 1692a(3) because Defendant Bluhm & Associates alleges that she "is obligated to pay [the] debt." *See, e.g., Loja v. Main Street Acquisitions Corp.,* 906 F.3d 680 (7th Cir. 2018*); Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003).

30. The FDCPA provides a remedy for "the recurring problem of debt collectors dunning [or suing] the wrong person." Legislative History, S.Rep. No. 95-382, at 4 (1977).

31. Since Plaintiff owed nothing, Defendant Bluhm & Associates misrepresented the "amount" or status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A)(1). *See, e.g., Dunham v. Portfolio Recovery Associates*, 663 F.3d 997 (8th Cir. 2011); and *Loja, supra*.

32. Additionally, Defendant Bluhm & Associates failed to investigate and resolve the dispute or to verify the dispute of the alleged debt in violation of 15 U.S.C. §§ 1692g. *See, e.g., Haddad v. Alexander etc.*, 758 F.3d 777 785-786 (6th Cir. 2014).

5

## VI. SECOND CLAIM FOR RELIEF (OCSPA)
(against Defendant Bluhm & Associates and Defendant CMRE)

33. Plaintiff re-alleges and incorporates all of the above allegations.

34. At all times mentioned herein, Defendant Bluhm & Associates and Defendant CMRE were attempting to collect debts for primarily personal, family or household purposes.

35. Defendant Bluhm & Associates and Defendant CMRE knowingly committed unfair, deceptive and unconscionable acts and/or practices in violation of O.R.C. §§ 1345.02 and/or 1345.03.

36. As a result of the actions and inactions of Bluhm & Associates and Defendant CMRE, Plaintiff is entitled to relief as provided for by O.R.C. § 1345.09.

## VII. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A) Monetary relief pursuant to 15 U.S.C. § 1692k(a) against Defendant Bluhm & Associates;

B) Monetary relief against Defendant Bluhm & Associates and Defendant CMRE pursuant to O.R.C. § 1345.09;

C) Declaratory and injunctive relief pursuant to O.R.C. § 1345.09 against Defendant Bluhm & Associates and Defendant CMRE;

D) Reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a)(3) against Defendant Bluhm & Associates;

E) Reasonable attorneys' fee against Bluhm & Associates and Defendant CMRE as provided for by O.R.C. § 1345.09(F)(2) ;

F) Costs of this action; and

G) Such other relief as this Court finds just and necessary.

Respectfully submitted,

*/s/ Edward A. Icove*
Edward A. Icove (0019646)
Icove Legal Group, Ltd.
Terminal Tower, Suite 3220
50 Public Square
Cleveland, Ohio 44113
Phone (216) 802-0000; Fax (216) 802-0002
ed@icovelegal.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiffs demand a trial by jury in this action.

*/s/ Edward A. Icove*
Edward A. Icove (0019646)
Attorney for Plaintiff

7